[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: June 7, 1996 Date of Application: Restored April 7, 2000 Date Application Filed: April 10, 2000 Date of Decision: April 24, 2001
Application for review of sentence imposed by the Judicial District of New Haven at New Haven.
Docket No. CR 97-153808.
Angelica Papastavos, Esq., Defense Counsel, for the Petitioner. CT Page 6784
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
 BY THE DIVISION
After trial by jury the petitioner was found guilty of five counts of Sexual Assault I in violation of Connecticut Gen. Statute Sec. 53a-70 and six counts of Risk of Injury to a Minor in violation of Connecticut Gen. Statute Sec. 53-21. The Court imposed a sentence of 32 years to serve on all counts.
The record shows that the petitioner was a babysitter for two boys, ages three and five. Over a fourteen month period the petitioner was convicted of forcible oral sex along with other sexual acts with the boys. The record reflects that the petitioner threatened the boys if they disclosed this activity.
At the hearing counsel noted that the petitioner was very remorseful for his conduct. She indicated that he was a veteran of the United States Navy and spent nine years on active duty. It was stated that the petitioner was suffering from a Bi Polar disorder along with manic depression. It was noted that the petitioner was never allowed to face his accusers during the trial. Couple that with the length of sentence imposed she argued it was unduly harsh. She asked the panel for a reduction.
Petitioner when he spoke to the panel, maintained his innocence claiming he is not the monster that he is portrayed as and that to the contrary he is a loving and caring person.
The state characterized the crimes the petitioner was convicted of as heinous in nature. Counsel felt there was mental illness and a substance abuse issue that went untreated by the petitioner. The victims here were young innocent children who are now struggling with the long term traumatic psychological consequences of the petitioner's acts. He asked the panel to affirm the court's sentence, as it was appropriate for the crimes committed.
In reviewing the remarks of the sentencing court the judge clearly went on the record to indicate strongly that if he was the trier of fact he CT Page 6785 would have "rendered the same verdict that the jury rendered". He noted the boys could not have come up with the graphic descriptions from their imaginations. Boldly the court declared "This happened to them".
This panel's charge is to focus on the sentence imposed and consider only those facts that the sentencing court relied upon at the time of sentence. The petitioner here, and as he did at the time of sentence, maintains his innocence. His protestations of innocence cannot, and are not, taking into consideration by this panel.
This division is without authority to modify sentences except in accordance with the provisions of Connecticut Practice Book 43-23, et. seq., and Connecticut General Statute Sec. 51-49, et. seq.
The crimes the petitioner was convicted of constitute very serious, heinous behavior. The harm to the two children cannot be calculated as anything less than devastating from the psychological perspective. To have to confront an adult predator at such a young and delicate age may cause consequences in their entire lives. The community demands protection from such persons who commit such crimes.
When viewing the sentence imposed by the trial court and the nature of the crime, we find it within the proper perimeters; it was neither inappropriate nor disproportionate.
In light of the above the sentence is AFFIRMED.
NORKO, J.
KLACZAK, J.
O'KEEFE, J.
Judges O'Keefe, Klaczak, and Norko participated in this decision.